
FILED
APRIL 1, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LUCIUS JAMES HENRY, PRO SE, <br> TDCJ-CID #1078515, <br> Previous TDCJ-CID #493835 <br><br> Plaintiff, <br><br> v. <br><br> RICARDO MARTINEZ and <br> THOMAS P. GOBLE, <br><br> Defendants. | § § § § § § § § § § § § § 2:06-CV-0343 |

**REPORT AND RECOMMENDATION
TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

On this day came for consideration a Motion for Summary Judgment filed by defendants MARTINEZ and GOBLE along with supporting brief and exhibits, all filed September 4, 2007 in the above-referenced and numbered cause. Plaintiff has wholly failed to respond to defendants' motion for summary judgement, despite a September 6, 2007 Order to Respond. While the Court cannot grant summary judgment by default because of this failure, *Hibernia National Bank v. Administration Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985), the Court is permitted to accept the defendants' evidence as undisputed and may grant summary judgment to the defendants upon a prima facie showing of entitlement. *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D.Tex.1996).

On June 28, 2007 the Court issued an Order of Partial Dismissal adopting the Magistrate Judge's May 14, 2007 Report and Recommendation and dismissing plaintiff's claims against defendant VERNELL JOHNSON, JR. Without prejudice for failure to state a claim on which relief can be granted.

**UNDISPUTED FACTS**

Plaintiff, appearing *pro se*, filed this suit while a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), and was

incarcerated at the Clements Unit during the time relevant to this cause. Similarly, at all times relevant to this cause, defendants RICARDO MARTINEZ and THOMAS GOBLE were employed by the Texas Department of Criminal Justice and were working at the Clements Unit. The Texas Department of Criminal Justice is an agency of the State of Texas. On August 22, 2006, a major use of force occurred at the Clements Unit involving plaintiff HENRY and defendants MARTINEZ and GOBLE.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants argue plaintiff has not shown he exhausted administrative remedies before filing suit in federal court as required by the Prison Litigation Reform Act. Further, defendants contend plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment.

## THE STANDARD OF SUMMARY JUDGMENT REVIEW

Summary judgment may be granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c). Consequently, after adequate time for discovery and upon motion, summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party bears the burden of proof. *Celotex v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Only disputes of facts that could affect the outcome of the suit at trial will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A complete failure of proof concerning an essential element of the nonmoving party's case is fatal and entitles the moving party to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552. A motion for judgment as a matter of law is properly granted when the facts and inferences point so strongly in favor of

the movant that a rational jury could not arrive at a contrary verdict. If there is substantial evidence, that is, evidence of such quality and weight that reasonable and fair-minded jurors might reach a different conclusion, then the motion for judgment as a matter of law should be denied. *Waymire v. Harris County, Texas*, 86 F.3d 424, 427 (5th Cir. 1996).

## ANALYSIS OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Exhaustion of Administrative Remedies**

Because of plaintiff's failure to respond, defendants' evidence is accepted as undisputed and summary judgment may issue to defendants upon a prima facie showing of entitlement. *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D.Tex.1996).

By their motion for summary judgment, defendants argue plaintiff has failed to show exhaustion of administrative remedies before filing suit in federal court. Defendants argue plaintiff did not attach a copy of his processed Step 2 grievance with his original complaint and the unprocessed Step 2 grievance he did attach does not show it was ever submitted or reviewed by prison officials. A review of plaintiff's grievance no. 2007052228, attached to his original complaint, confirms defendants' argument.

Defendants also present a copy of plaintiff's grievance records for the period of January 2006 through January 2007, with a business records affidavit, and contend the records show plaintiff's only step 1 grievance[1] concerning the events of August 22, 2006 was never followed by a Step 2 grievance. Further, defendants argue plaintiff's Step 1 grievance focuses on a life endangerment claim, not one of excessive force and does not mention either or both of the defendants.

Title 42, United States Code, 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995, provides that "[n]o action shall be brought with respect to prison

---

[1]See Exhibit A at 76.

conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002). Further, the PLRA exhaustion requirement requires proper exhaustion in compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Review of the grievance plaintiff attached to his original complaint and of plaintiff's grievances for the relevant period, presented by defendants, leads the Court to conclude plaintiff failed to exhaust administrative remedies by pressing his grievances through step 2 of the prison grievance process. Because of plaintiff's failure to exhaust administrative remedies, his present prosecution of such claims in federal court is barred pursuant to Title 42, United States Code, section 1997e(a).

**Eleventh Amendment Immunity to Official Capacity Claims**

Defendants also argue suit against them in their official capacities for monetary damages is barred by the Eleventh Amendment. The Eleventh Amendment has been interpreted by the Supreme Court to bar suits by individuals against non-consenting states. *Bd. of Trs. of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). The Eleventh Amendment restricts federal court jurisdiction in those cases in which the state is the real party in interest. *Hander v. San Jacinto Junior College*, 519 F.2d 273, 278 (5th Cir. 1975). A suit against an official in his official capacity is actually a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991); *Sanders v. English*, 950 F.2d 1152, 1158 (5th Cir. 1992). Consequently, plaintiff's action for monetary damages against defendants in their official capacities is foreclosed by the Eleventh Amendment and must be dismissed

without prejudice. *Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir.1996)("Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.").

## CONCLUSION

For the reasons set forth above, it is clear that, drawing all reasonable inferences in favor of the nonmoving party, there is no material issue of disputed fact which precludes entry of summary judgment for defendants MARTINEZ and GOBLE, in their official and individual capacities and that they are entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c).

It is the opinion of the Magistrate Judge and RECOMMENDATION to the United States District Judge that the motion for summary judgment by defendants MARTINEZ and GOBLE be GRANTED and that plaintiff LUCIUS JAMES HENRY's claims against these defendants be DISMISSED WITH PREJUDICE. It is the further RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's claims against defendants in their official capacities are also subject to DISMISSAL WITHOUT PREJUDICE as barred by the Eleventh Amendment.

The United States District Clerk shall mail a copy of this Report and Recommendation to plaintiff and to each attorney of record by first class mail.

IT IS SO RECOMMENDED.

ENTERED THIS 1st DAY OF APRIL 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).